```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    UNITED STATES,

                 -v-
                                                                          1:17-cr-290-GHW-1

    HECTOR PALERMO,                                ORDER

                                 Defendant.
------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

       On October 8, 2021, the Court docketed a motion filed by Hector Palermo, acting *pro se*. The motion requested that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 661 (the "Motion"). In his Motion, Mr. Palermo requests that the Court grant him compassionate release. The Motion focuses on Mr. Palermo's own health conditions—asthma and diabetes—and the incremental risk associated with COVID-19 as the basis for the Court to find "extraordinary and compelling" circumstances that would support his release.

       Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

       Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the

Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Palermo asserts that he made a request to the warden of his facility for compassionate release and that it was denied. Motion at 2. Therefore, the Court accepts that Mr. Palermo has satisfied the statutory preconditions to his application.

The information provided in Mr. Palermo's Motion is insufficient to meet his burden to demonstrate the existence of exceptional and compelling reasons for his release. Mr. Palermo suffers from asthma and diabetes. The Court has no reason to believe, however, that he is not receiving appropriate treatment within the BOP for those conditions. Mr. Palermo is relatively young—he asserts in his Motion that he is only 39 years old. The mere fact that the defendant is suffering from medical conditions of the type described in his application are not, in the Court's view, sufficient on their own to give rise to exceptional and compelling circumstances for his early release. Given Mr. Palermo's age cohort, and the fact that vaccinations for COVID-19 are widely available within the Bureau of Prison system, the Court does not find them on their own, or in conjunction with the incremental risk associated with COVID-19, to constitute "exceptional and compelling" reasons that would justify Mr. Palermo's early release.

Moreover, even if Mr. Palermo had demonstrated exceptional and compelling circumstances for his release, in considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Palermo's sentence is warranted. As the Court recited at the time of the defendant's sentencing, his crime was very serious. Sentencing Transcript, Dkt. No. 572 ("Tr."). "Mr. Palermo was the leader of an organization whose members conspired to sell crack cocaine. Violence and threats of violence were used by members of this drug-trafficking organization to protect the territory of the conspirators. I understand that Mr. Palermo was not personally involved in those acts of violence, and I commend him for that. That was a very good choice among many bad ones. But Mr. Palermo has accepted responsibility for selling a very significant amount of crack, between 280 and 840 grams, and as the government has proffered here, was involved in this conspiracy for an extended period of time." Tr. 37:13-24.

Mr. Palermo is a career offender. Tr. 7:22-24. He had 13 criminal history points at the time of sentencing for convictions spanning from 1999 to 2015. Tr. 6:18-7:22. For many of those convictions, Mr. Palermo was sentenced to substantial terms of imprisonment. The Court witnessed Mr. Palermo's "intelligence and humanity" at sentencing and continues to appreciate the difficult circumstances that led to his criminal conduct. Tr. 39:1-8. At the same time, the Court had "real concern" about the possibility that Mr. Palermo would recidivate, given his criminal history and the structural challenges that he faced. Tr. 42:22-44:10. Because of his criminal history, and the fact that one of his prior convictions involved a serious act of violence, the Court was concerned about the safety of the community in the event that he were to choose to recidivate. *Id.*

Evaluating the § 3553(a) factors here, the Court does not believe that a further reduction in Mr. Palermo's sentence is warranted. Mr. Palermo's crime was very serious. A lesser sentence would not reflect the seriousness of the offense and impose a just punishment. Nor would a lesser sentence meet the need for specific deterrence, which was of concern to the Court at the time of

3

sentencing.  A reduction in Mr. Palermo's is not warranted in light of the need for personal deterrence and to impose a just punishment as well as the need to avoid unwarranted sentencing disparities.  While the defendant's need for medical care has arguably become greater with the passage of time and the evolution of the COVID-19 pandemic, that factor does not weigh heavily enough to outweigh the other factors considered by the Court.  In sum, even if the reasons provided by Mr. Palermo did constitute "extraordinary and compelling" reasons for his release—and they do not—the Court does not believe that his release now is warranted.

In sum, having considered all of the information presented to the Court in connection with the Motion, the Court does not believe that a reduction in Mr. Palermo's sentence is warranted. Accordingly, Mr. Palermo's Motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 661, and to mail a copy of this order to Mr. Palermo by first class mail.

SO ORDERED.

Dated: October 11, 2021
New York, New York

GREGORY H. WOODS
United States District Judge