UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR PALERMO,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/22/2022__

1:17-cr-290-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Hector Palermo, who is proceeding *pro se*, filed a motion for the modification of his sentence, arguing that his sentence was "substantively unreasonable." Dkt. No. 675 (the "Motion"). For the following reasons, the Court denies Mr. Palermo's motion for relief under the First Step Act, construes the Motion as a motion under 28 U.S.C. § 2255 ("Section 2255"), and directs Mr. Palermo to show cause, by filing a declaration within 60 days of the date of this order, why his application under Section 2255 should not be denied as time-barred.

## BACKGROUND

The Court sentenced Mr. Palermo on June 5, 2019. Dkt. No. 567. The Court principally sentenced Mr. Palermo to serve 188 months of imprisonment. Mr. Palermo did not appeal his conviction or sentence.

Mr. Palermo's Motion was docketed on September 9, 2022. In his motion, Mr. Palermo argues that his sentence should be reduced "considering the sentencing guideline [disparities] between cocaine base and powder cocaine and that pending legislation, the Equal Act[,] would eliminate the sentencing disparity . . . ." Motion at 1. Mr. Palermo argues that under the "First Step Act," the Court has the authority to "provide a remedy for certain defendants who bore the brunt of a racially disparate sentencing scheme." *Id.* at 2. Mr. Palermo argues that his sentence was

"substantively unreasonable." *Id.* Mr. Palermo asks that the Court evaluate the substantive reasonableness of his sentence under the sentencing factors set forth in 18 U.S.C. § 3553(a).

The Court issued an order on October 2, 2022 inviting "the Government's views regarding whether the [Motion] should be recharacterized as a petition for *habeas* relief, and, if so, its views regarding how best to proceed with respect to the [Motion] as well as any substantive response to the [Motion]." Dkt. No. 676. The Government filed a response on October 21, 2022 (the "Response"). Dkt. No. 677. In its Response, the Government argues that the First Step Act does not provide an avenue for relief because "Section 404 of the First Step Act plainly does not apply because Palermo committed his violation of criminal law between 2014 and 2017 and was sentenced in 2019, having already reaped the benefits of the Fair Sentencing Act of 2010, which reduced statutory penalties for crack cocaine offenses." Response at 1-2. The Government does not present an opinion regarding whether Mr. Palermo's Motion should be recharacterized as a petition for *habeas* relief under Section 2255, but it argues that the Motion would be time barred if it were, because the Motion was filed more than 1 year after Mr. Palermo's conviction became final. *Id.* at 23. Finally, the Government argues that Mr. Palermo's application, construed as a motion for compassionate release under 18 U.S.C. § 3582(c), should be denied. *Id.* at 3.

## DISCUSSION

### A.     The First Step Act Does Not Provide a Basis for Relief

At the outset, the First Step Act does not provide a statutory basis for the Court to modify the defendant's sentence because Mr. Palermo committed his crime after 2010. In its Response, the Government aptly describes why the First Step Act does not provide a basis for the relief requested by Mr. Palermo. By its terms, Section 404 allows courts to apply the Fair Sentencing Act of 2010 retroactively. First Step Act § 404, 132 Stat. at 5222. However, the First Step Act "does not authorize a plenary resentencing or a reevaluation of the facts found at the time of conviction and

sentencing." *United States v. Barnett*, No. 19-CV-0132 (LAP), 2020 WL 137162, at *5 (S.D.N.Y. Jan. 13, 2020), *vacated and remanded on other grounds sub nom. United States v. Roberts*, No. 20-1296, 2021 WL 1564452 (2d Cir. Mar. 10, 2021); *cf. United States v. Davis*, 961 F.3d 181, 185 (2d Cir. 2020) (noting that "Section 404 authorizes district courts to make a discretionary decision about whether and how to reduce a defendant's sentence, but only if the defendant was sentenced for a 'covered offense,'" which is defined under Section 404 to be a violation of criminal law committed before August 3, 2010 that was modified by the Fair Sentencing Act of 2010). Mr. Palermo both committed his crime and was sentenced after 2010, therefore, the First Step Act does not provide a vehicle for a modification of his sentence.

**B.      Compassionate Release under 18 U.S.C. § 3582(c) is Not Appropriate**

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976

F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Palermo has already filed a motion for compassionate release, which the Court denied by order dated October 11, 2022 (the "October 11 Order"). See Dkt. No. 663. Mr. Palermo has filed a notice of appeal with respect to that decision. Dkt. No. 664. For all of the reasons set forth in the Court's October 11 Order, the Court continues to believe that compassionate release is not appropriate for Mr. Palermo. The Court incorporates by reference its analysis from that order here. To the extent that Mr. Palermo's Motion can be construed to present an argument that the Eliminating a Quantifiably Unjust Application of the Law Act of 2021 (the "EQUAL Act"), which has not been passed, somehow constitutes an "extraordinary and compelling" reason for his release now, the Court disagrees. Given that "Congress has yet to enact the EQUAL Act . . . the applicability of the EQUAL Act's proposed adjustments here is premature." *United States v. Sims*, No. No. 19 Cr. 857 (NSR), 2022 WL 3013111, at *4 (S.D.N.Y. July 29, 2022) (collecting cases in the context of a Section 3582 motion).

Moreover, the Court does not need to evaluate whether there are extraordinary and compelling" reasons for Mr. Palermo's early release, because the Court does not believe that releasing Mr. Palermo early is justified after reviewing the § 3553(a) factors. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other

circumstances) justify a sentence reduction."). The Court reviewed its assessment of those factors in its October 11 Order, and its assessment has not changed: Mr. Palermo is a career offender with 13 criminal history points and his crime was very serious. The Court remains very concerned about the need for personal deterrence and the need for the sentence imposed to represent a just sentence in light of the serious nature of his offenses. Having again reevaluated the 3553(a) factors and the purposes of sentencing, including a consideration of the additional information presented in the Motion, the Court does not believe that a modification of Mr. Palermo's sentence is warranted at this time under Section 3582(c).

## C.   Designation of the Motion as Motion Under 28 U.S.C. § 2255

Because there are no other grounds upon which the Court might grant the relief requested by Mr. Palermo's Motion, the Motion must be construed as a motion for relief under 28 U.S.C. § 2255. Mr. Palermo seeks to attack his sentence based on his argument that the sentence was substantively unreasonable. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). If Mr. Palermo does not want to pursue relief under Section 2255, he may notify the Court in writing within sixty days that he does not wish for the Court to evaluate the Motion as an application under Section 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Mr. Palermo should note that a criminal defendant generally has only one opportunity within the limitations period for a full adjudication of his claims in a Section 2255 motion. If Mr. Palermo does not inform the Court of his intent within sixty days, the Motion will remain designated as a motion under 28 U.S.C. § 2255.

## D.   Applicable Statute of Limitations

In addition, the Court also directs Mr. Palermo to show cause why the motion, once characterized as a motion under Section 2255, should not be denied as time-barred. A federal

prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Mr. Palermo's judgment of conviction was entered on June 7, 2019. As he did not appeal, his conviction became final on June 21, 2019, 14 days after the judgment was entered. *See* Fed. R. App. Pro. 4(b)(1) (allowing 14 days to file notice of appeal from judgment of conviction); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Mr. Palermo signed his Motion on August 22, 2022, more than three years after his judgment became final, and well after the one-year limitations period expired.

If Mr. Palermo chooses to pursue relief under Section 2255, he is directed to show cause within sixty days why this application should not be denied as time-barred. Mr. Palermo should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Construed as a motion for relief under the First Step Act, and as a motion for compassionate release under 18 U.S.C. § 3582(c), Mr. Palermo's motion is denied. The Court construes the Motion as a motion under 28 U.S.C. § 2255. Within sixty days of the date of this order, Mr. Palermo must either notify the Court in writing if he wishes for the Court not to treat the

Motion as an application under Section 2255, or, if Mr. Palermo chooses not to withdraw his motion under Section 2255, file a declaration showing cause why the motion should not be dismissed as time-barred.  For Mr. Palermo's convenience, a declaration form is attached to this order.  If Mr. Palermo files a declaration within the time allowed, the Court will review it, and if proper, order that the United States answer the Motion, now construed as a motion under Section 2255.  If Mr. Palermo fails to comply with this order, and cannot show good cause to excuse such failure, his petition under Section 2255 will be denied as time-barred.

Because Mr. Palermo has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Palermo, together with the Government's letter filed on the docket at Dkt. No. 680.

SO ORDERED.

Dated:   October 22, 2022
         New York, New York

_____
GREGORY H. WOODS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____

Executed on (date)               Signature

_____          _____

Name                             Prison Identification # (if incarcerated)

_____    _____    _____    _____

Address                    City                  State      Zip Code

_____          _____

Telephone Number (if available)  E-mail Address (if available)